IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Meredith Sivi,**
            **Plaintiff,**

     v.                              Civil Action 2:24-cv-4191
                                     Judge James L. Graham
                                     Magistrate Judge Kimberly A. Jolson

**Franklin County Guardianship Service**
**Board, et al.,**

            **Defendants.**

## OPINION & ORDER

Plaintiff's Urgent Motion to Compel Compliance with Court Order, for Reconsideration of Premature Notation Order, and for Sanctions (Doc. 39) is before the Court. For the following reasons, the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff is the mother of an adult with disabilities and developmental delays, who, according to Plaintiff, was previously adjudicated as legally incompetent by the Franklin County Probate Court. (Doc. 19 at 1). Her claims against Defendants involve their roles as her child's care services provider and guardian, as well as one of the Defendant's roles in a Major Unusual Incident ("MUI") investigation. (*Id.* at 1–2; *see also* Doc. 1 at ¶¶ 10–82).

Plaintiff filed this action on November 22, 2024, and the Court issued a case schedule on January 27, 2025. (Docs. 1, 19). In that case schedule, the Court adopted the parties' proposed deadlines. (Doc. 19). Relevant here, the Court set the close of discovery to December 31, 2025; the deadline for dispositive motions to May 29, 2026; and referred the case to mediation in February 2026. (*Id.* at 2–4). The Court also ordered Plaintiff to make a settlement demand by May 1, 2025, and gave Defendants until June 30, 2025, to respond to that demand. (*Id.* at 4).

Then, on April 2, 2025, the Court granted Plaintiff's former counsel's motion to withdraw and Plaintiff's request to proceed *pro se*. (Doc. 27). A month later, Plaintiff asked the Court to order the parties to mediate the case within 60 days. (Doc. 30 at 1). Noting that the mediation deadline was not until February 2026 and that discovery did not close until December 31, 2025, the Court ordered Defendants to file a notice on or before May 14, 2025, "indicating whether they wish to engage in early mediation." (Doc. 35 at 2). The Court also noted it was "not inclined to order the parties to participate in mediation without both sides' consent." (*Id.*).

On May 13, a day before its deadline, Defendant the Franklin County Board of Developmental Disabilities ("FCBDD") filed its notice, stating it did not believe the case was ready for mediation. (Doc. 36 at 1). Consequently, on May 14, the Court issued a notation order denying Plaintiff's motion for earlier mediation. (Doc. 37 (denying the motion because the case "is in its early stages and because Defendants do not wish to engage in early mediation")).

Now, Plaintiff wants the Court to sanction Defendants because two of them did not file a notice indicating whether they wished to participate in early mediation. (Doc. 39 at 1–2). Plaintiff also wants the Court to reconsider its denial of her request. (*Id.* at 3). Defendants filed responses, and Plaintiff's Motion is ripe for review. (Docs. 39, 42, 43, 44).

II.     DISCUSSION

The Court begins with the issue of sanctions. Plaintiff argues sanctions are warranted because Defendants Upreach, LLC and the Franklin County Guardianship Service Board did not file a notice with their position on early mediation. (Doc. 39 at 1–2). This failure, Plaintiff says, shows "blatant disregard for a direct Court order." (*Id.* at 2).

Plaintiff misunderstands the Court's order and the timeline of events. The Court ordered Defendants to file their notices on or before May 14 and said it was "not inclined to order the

2

parties to participate in mediation without both sides' consent." (Doc. 35 at 2). As noted, Defendant FCBDD notified the Court on May 13 that it did not wish to mediate the case within 60 days. (Doc. 36). Therefore, consistent with its previous Order, the Court denied Plaintiff's motion on May 14 at 9:55 AM because at least one party did not consent to early mediation. (Doc. 37; *see also* Doc. 35 at 2). After that, the remaining Defendants did not file their notices. (Doc. 42 at 1–2; Doc. 44 at 4–5).

Simply put, Defendants did not miss a Court-ordered deadline, as Plaintiff contends. (Doc. 39 at 1–2). They declined to file notices because the Court ruled on Plaintiff's motion before their deadline to submit their filings expired. (Doc. 37; *see also* Doc. 42 at 1–2; Doc. 44 at 4–5). In these circumstances, sanctions are not warranted, let alone the extreme sanctions Plaintiff requests. (*See* Doc. 39 at 2–3 (seeking, in part, fees, adverse inferences, and other sanctions)).

Next, Plaintiff wants the Court to reconsider its order denying her request for earlier mediation. (*Id.* at 3). Although the Federal Rules of Civil Procedure do not contemplate motions for reconsideration, "district courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case prior to the entry of final judgment." *Durham v. Sheets*, No. 1:13-cv-226, 2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Importantly, "a movant has no right to reconsideration of an interlocutory order." *Rodriguez*, 89 F. App'x at 959 n.7. Instead, courts typically grant such motions only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* And "a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *Durham*, 2015 WL 2194755, at *2 (quotation omitted).

3

In her Motion, Plaintiff does not present any unique circumstances, new evidence, or changes in law that justify reconsideration. (Doc. 39 at 3). Instead, she says only that the Court's decision was based on Defendants' "incomplete response." (*Id.*). Yet at the time of the Court's Order, Defendant FCBDD said it did not wish to participate in early mediation. (Doc. 36). And the Court already indicated it would not grant Plaintiff's request without both sides' consent. (Doc. 35 at 2). Defendant FCBDD's notice sufficiently showed that not all the parties wished to participate in early mediation. (Doc. 36; *see also* Doc. 37).

At base, Plaintiff wants the Court to modify the case schedule at her whim. (*Id.*). The Court will not do so. As stated, Defendants are not ready for mediation, nor does the case schedule require them to mediate before February 2026. (Doc. 36; Doc. 42 at 2; Doc. 44 at 3). Further, discovery does not close until December 31, 2025, and while the parties have exchanged some documents, they have more work to do. (*See, e.g.*, Doc. 36 at 1–2 (noting that, as of May 13, Defendants awaited certain discovery responses from Plaintiff and that no depositions had been taken)). In short, granting Plaintiff's request without Defendants' consent will simply waste the Court's and the parties' limited resources on an unfruitful mediation. Plaintiff's Motion (Doc. 39) is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Urgent Motion to Compel Compliance with Court Order, for Reconsideration of Premature Notation Order, and for Sanctions (Doc. 39) is **DENIED**.

5

      The Clerk of Court is **DIRECTED** to mail a copy of this order to Plaintiff at the address listed on the docket and at the following address:

Meredith Sivi<br>
3737 Market Lane # 1039<br>
Columbus, OH 43219

      IT IS SO ORDERED.


Date:  June 25, 2025                                                 /s/ Kimberly A. Jolson_____
                                                                                                          KIMBERLY A. JOLSON
                                                                                                          UNITED STATES MAGISTRATE JUDGE