**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MEREDITH SIVI,**

               **Plaintiff,**

     **v.**                             **Civil Action 2:24-cv-4191
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson**

**FRANKLIN COUNTY GUARDIANSHIP
SERVICE BOARD, et al.,**

               **Defendants.**

## OPINION & ORDER

Before the Court are seven motions filed by Plaintiff Meredith Sivi in the span of two weeks: (1) Plaintiff's Motion for Protective Order and Sanctions Regarding Defendant Franklin County Board of Developmental Disabilities' Discovery (Doc. 53); (2) Plaintiff's Urgent Motion to Strike Filings and For Robust Sanctions Against Upreach, LLC Due to Failure of Service and Non-Compliance with Court Order (Doc. 56); (3) Plaintiff's Urgent Motion to Strike Defendant Franklin County Guardianship Service Board's (FCGSB) Motion for Judgment on the Pleadings Due to Deficient and Malicious Service (Doc. 57); (4) Plaintiff's Motion for Judicial Intervention of Systemic Conduct and Mandate Global Settlement Conference (Doc. 59); (5) Plaintiff's Report of Failed Conferral & Request for Immediate Judicial Relief (Doc. 61); (6) Motion for Protective Order and Sanctions Against Opposing Counsel for Vexatious Conduct (Doc. 65); and (7) Plaintiff's Urgent Motion for Default Judgment as Sanction, Reply to Doc #60 and #63, and Motion to Reconsider Order Procured by Fraud (Doc. 68). Also before the Court is Defendant Franklin County Guardianship Board's Motion for Extension of Time (Doc. 67).

For the following reasons, discovery in this case is **STAYED**. Plaintiff's Motion for a Protective Order and Sanctions (Doc. 53) is **DENIED WITHOUT PREJUDICE**, and Plaintiff's

Motions to Strike Filings (Docs. 56, 57) are **DENIED**. Plaintiff's request for leave to respond to Franklin County Guardianship Board's Motion for Judgment on the Pleadings (Doc. 57 at 5) is **GRANTED**. Plaintiff's Motion for Judicial Intervention and Mandate Settlement Conference (Doc. 59) is **DENIED**. Plaintiff's Request for Immediate Judicial Relief (Doc. 61) is **DENIED**. Plaintiff's Motion for Protective Order and Sanctions Against Opposing Counsel for Vexatious Conduct (Doc. 65) is **DENIED**. Plaintiff's Motion to Strike Status Report, Reconsider Previous Orders, and Issue Default Judgment (Doc. 68) is **DENIED**. Franklin County Guardianship Board's Motion (Doc. 67) is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff is the mother of an adult with disabilities and developmental delays, who, according to Plaintiff, was previously adjudicated as legally incompetent by the Franklin County Probate Court. (Doc. 19 at 1). Plaintiff filed this action on November 22, 2024, against Defendants Upreach, LLC ("Upreach"), Franklin County Guardianship Service Board ("FCGSB"), and Franklin County Board of Developmental Disabilities ("FCBDD"). (Doc. 1). Her claims concern Defendants' roles as her child's care services provider and guardian, as well as one of the Defendant's roles in a Major Unusual Incident ("MUI") investigation. (*Id.* at 1–2; *see also* Doc. 1 at ¶¶ 10–82). For several months, the parties have been engaged in discovery efforts. (Doc. 19 at 2 (setting the discovery deadline to December 31, 2025)).

In August 2025, FCGSB moved for judgment on the pleadings because "(1) this Court lacks subject-matter jurisdiction over [Plaintiff's] claims; (2) [Plaintiff's] state law claims are barred by governmental immunity; and (3) [Plaintiff's] remaining federal claims independently fail to allege facts sufficient to state a plausible claim for relief." (Doc. 50 at 1). This Motion remains pending.

In October 2025 alone, Plaintiff filed thirteen (13) documents with the Court. (Docs. 53, 55, 56, 57, 58, 59, 61, 64, 65, 66, 68, 69, 70). Some are motions, others are merely notices, reports, and affidavits. (*Id.*). But they all share the thread that Plaintiff would like judicial relief from what she perceives to be injustices on the part of Defendants in this case. Plaintiff's motions are ripe for review.

Additionally, FCGSB filed a Motion for Extension of Time to Respond to Plaintiff's First Set of Interrogatories and Requests for Production. (Doc. 67). They seek an extra thirty days to meet Plaintiff's discovery requests because the requests "call for a wide range of documents, many of which seek privileged information." (*Id.* at 2). And FCGSB claims they are "simultaneously addressing [Plaintiff's] growing number of motions filed against it." (*Id.*). FCGSB's motion is also ripe for review. (*See* Docs. 69, 72).

## II.     DISCUSSION

The Court considers Plaintiff's three Motions to Strike (Docs. 56, 57, 68); Plaintiff's two Motions for a Protective Order and Sanctions (Docs. 53, 65); Plaintiff's two motions asking for Court intervention (Docs. 59, 61); and Defendant FCGSB's Motion for Extension of Time (Doc. 67). But before turning to these motions, the Court considers whether discovery should be stayed in this case.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And questions of whether to stay discovery routinely arise while a motion to dismiss or motion for judgment on the pleadings is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over

the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss").

"[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citation omitted) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery"). But "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). And in "special circumstances," a court may find that a discovery stay is appropriate. *Shanks*, 2009 WL 2132621, at *1. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted).

A.    **Discovery Stay**

Special circumstances justify staying discovery here. Defendant FCGSB moves for judgment on the pleadings on both immunity and jurisdictional grounds. (Doc. 50 (moving to dismiss because "(1) this Court lacks subject-matter jurisdiction over her claims; (2) her state law claims are barred by governmental immunity; and (3) her remaining federal claims independently fail to allege facts sufficient to state a plausible claim for relief.")). Specifically, FCGSB raises a defense of governmental immunity, "which must, as a matter of law, be addressed before discovery appears." *Shanks*, 2009 WL 2132621, at *1.

FCGSB further claims that the Court lacks subject matter jurisdiction to alter the Probate Court's guardianship orders based on the Probate Exception and the *Rooker-Feldman* Doctrine.

(Doc. 50 at 5).  They argue Plaintiff's complaint asks the Court to alter guardianship orders, and that this Court does not have jurisdiction to do so.  (*See, e.g.*, *id.* at 7 (citing Doc. 1 at 17–26) ("[Claims 5 through 11] are all collateral challenges to the discretionary decisions made by FCGSB, acting under the direct authority and supervision of the Probate Court.  Ms. Sivi's allegations therefore seek to undermine the Probate Court's grant of sole guardianship to FCGSB by using this Complaint as an attempt to relitigate guardianship authority.")).  As FCGSB states, "[b]ecause only the United States Supreme Court has jurisdiction to correct state court judgments, this Court cannot act as a court of appeals for the state probate court's decisions."  (Doc. 50 at 5–6 (citing *Kennedy v. Benson*, 749 F. Supp. 3d 810, 819 (E.D. Mich. 2024)).  But this Motion is still pending.  It is unclear at this juncture which claims will be dismissed, and which remaining claims (if any) the Court would then be able to adjudicate.

Moreover, some of the claims that FCGSB says are not covered by this Court's subject matter jurisdiction are also asserted against other Defendants.  (*See e.g.*, Doc. 1 at 23 (Plaintiff's unjust enrichment claim asserted "Against All Defendants.")).  Thus, if Plaintiff's claims against FCGSB are dismissed on these grounds, they may also be dismissed against other Defendants for the same reason.  It is unclear which Defendants will remain after the Court rules on the Motion for Judgment on the Pleadings.

Accordingly, it is necessary to utilize the Court's "broad discretion" to pause discovery while the Court decides the Motion for Judgment on the Pleadings.  (Doc. 50); *Hahn*, 190 F.3d, at 719.  Discovery is **STAYED** until such a disposition.  Because discovery is stayed, FCGSB's Motion for Extension of Time to Respond to Discovery Requests (Doc. 67) is **DENIED WITHOUT PREJUDICE**.  Once the stay has been lifted, Plaintiff and FCGSB are **ORDERED**

to confer and to file a status report **within seven (7) days of the Court's Order on the Motion for Judgment on the Pleadings**, if any claims against FCGSB still proceed.

### B. Plaintiff's Miscellaneous Motions

The Court will next review Plaintiff's motions in turn.

#### 1. *Plaintiff's Motions to Strike Filings*

Plaintiff makes two motions, one to strike Upreach's response in opposition to Plaintiff's Motion to Compel Compliance and its response in opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 56), and one to strike FCGSB's Motion for Judgment on the Pleadings (Doc. 57). Plaintiff bases her motions on the assertion that neither Defendant sent these documents to her in the mail despite the Court's order to resend them. (*See, e.g.*, Doc. 57 at 4 (citing Doc. 52)). The Court is unmoved.

Plaintiff cites various Rules of Civil Procedure to support her motions. (Doc. 56 at 2 (citing Fed. R. Civ. P. 5, 16(f), 37(b)(2)(A); Doc. 57 at 2 (citing Fed. R. Civ. P. 5(b), 12(f)). But none of these rules provide that filings may be struck on the basis that a party does not receive that motion in the mail. Tellingly, Plaintiff cites no case law to support her motion. She also presents no evidence of bad faith on the part of Upreach or FCGSB, other than her unsubstantiated suspicions. (*See e.g.*, Doc. 56 at 3 (noting that because Upreach sent a letter to Plaintiff's new address on June 30, they knew how to send documents to the correct address and willfully refused to do so in accordance with the Court order); *see also* Doc. 57 at 3 (claiming FCGSB and their attorneys knew Plaintiff's correct address because they previously sent other filings to that address)). Moreover, the Court previously denied Plaintiff's Motion to Compel Compliance (Doc. 45), so striking Upreach's response to that motion serves no purpose here.

Thus, Plaintiff's Motions to strike filings by Upreach and FCGSB are **DENIED**. Although the Court declines to strike these documents, Defendants Upreach and FCGSB are nevertheless **REMINDED** that they should mail Plaintiff their filings using the address on file with the Court, in compliance with the Court's Order (Doc. 52), and the Federal and Local Rules.

Plaintiff notes that in the event the Court denies her Motion to Strike FCGSB's Motion for Judgment on the Pleadings (Doc. 57), she would like a new deadline "for Plaintiff to file her substantive opposition brief" to this motion. (Doc. 57 at 5). This request is **GRANTED**. Plaintiff is **ORDERED** to file her response **within fourteen (14) days of the entry of this Order**.

### 2. *Plaintiff's Motion for a Protective Order and Sanctions*

Plaintiff filed a Motion for a Protective Order and Sanctions against FCBDD (Doc. 53). In it, she requests a protective order sustaining her objections to FCBDD's interrogatories and allowing her not to answer questions 6–34 because it exceeds 25 questions. (*Id.* at 7). She also alleges that FCBDD's requests for production are overbroad and abusive. (Doc. 53 at 6).

In addition to the protective order, she moves for sanctions such as a requirement that FCBDD be precluded from introducing "evidence, documents, or testimony at trial that relates to the subject matter of the procedurally barred Interrogatories." (Doc. 53 at 8). And she asks for an adverse inference sanction against FCBDD, instructing the jury "to assume that the facts sought in the improperly barred Interrogatories would have been favorable to the Plaintiff." (*Id.*).

Because the Court is staying discovery in this case, Plaintiff's Motion for a Protective Order and Discovery Sanctions is **DENIED WITHOUT PREJUDICE**. When the stay is lifted, the Court will revisit discovery matters.

3. *Plaintiff's Duplicative Motions for Miscellaneous Judicial Intervention*

Plaintiff makes several duplicative motions. Plaintiff filed a Motion for Judicial Intervention of Systemic Conduct and Mandate Global Settlement (Doc. 59), a Request for Immediate Judicial Relief (Doc. 61), and a Motion for Protective Order (Doc. 65). All three documents are duplicative of her Motion for a Protective Order she previously filed with this Court. (Doc. 53). In fact, her second Motion for a Protective Order (Doc. 59) requests nearly the same relief as her first. She even goes so far as to move for the Court to rule on that previous Motion. (Doc. 61 at 7; Doc. 68 at 8). Again, Plaintiff's duplicative requests for a protective order are **DENIED.**

Plaintiff also repeats her request for a "global settlement conference" with all Defendants (Doc. 59 at 8; Doc. 61 at 7). But the Court previously denied this motion as well (Doc. 37). The Court again **DENIES** this motion.

Plaintiff even moves for monetary sanctions in multiple motions to compensate her time working on these motions. (Doc. 53 at 7, Doc. 56 at 4; Doc. 57 at 5; Doc. 59 at 7). As a *pro se* plaintiff, however, Plaintiff is not entitled to attorney's fees and costs. *Kay v. Ehrler*, 499 U.S. 432, 435, 437 (1991). Plaintiff's requests for these fees are **DENIED.** Plaintiff may not ask for attorney fees in any future motions for sanctions while she proceeds *pro se.*

4. *Plaintiff's Motion for Sanctions Against Defendant FCBDD*

Finally, Plaintiff moves to strike Defendant FCBDD's Status Report, to reconsider granting FCBDD's motion for extension of time, and to impose Rule 11 and "default judgment" sanctions against FCBDD. (Doc. 68). Alleging "harassment, non-compliance, systemic abuse, and malice" against counsel for FCBDD, Plaintiff moves to strike FCBDD's status report under Rule 11 of the Federal Rules of Civil Procedure and for default judgment under Rule 37. (*Id.* at 7). Though

Plaintiff apparently disagrees with Defendant FCBDD's discovery strategies and dislikes the adversarial nature of a federal lawsuit, those are not reasons to impose the serious sanctions she wants. Additionally, the Court declines to reconsider FCBDD's motion for extension of time. Accordingly, Plaintiff's Motion (Doc. 68) is **DENIED**.

## III.   CONCLUSION

For the foregoing reasons, discovery is **STAYED**. Plaintiff's Motion for a Protective Order and Sanctions (Doc. 53) is **DENIED WITHOUT PREJUDICE**, Plaintiff's Motions to Strike Filings (Docs. 56, 57) are **DENIED**. Plaintiff's request for leave to respond to Franklin County Guardianship Board's Motion for Judgment on the Pleadings (Doc. 57 at 5) is **GRANTED**. Plaintiff's Motion for Judicial Intervention and Mandate Settlement Conference (Doc. 59) is **DENIED**. Plaintiff's Request for Immediate Judicial Relief (Doc. 61) is **DENIED**. Plaintiff's Motion for Protective Order and Sanctions Against Opposing Counsel for Vexatious Conduct (Doc. 65) is **DENIED**. Plaintiff's Motion to Strike Status Report, Reconsider Previous Orders, and Issue Default Judgment (Doc. 68) is **DENIED**. Franklin County Guardianship Board's Motion (Doc. 67) is **DENIED WITHOUT PREJUDICE**.

Plaintiff may file her response in opposition to FCGSB's Motion for Judgment on the Pleadings **within fourteen (14) days.** Plaintiff is **REMINDED** that she must comply with the Federal Rules of Civil Procedure and the Court's Local Rules. In the future, the Court will not hesitate to strike improper filings.

IT IS SO ORDERED.

Date:   October 27, 2025                   /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE